**Order entered July 17, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00794-CV

## IN RE BRADLEY B. MILLER, Relator

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-02616-Y**

## ORDER
Before Justices Bridges, Osborne, and Carlyle

Before the Court are relator's "Petition for Writ of Mandamus" and relator's "Emergency Motion to Stay Contempt Judgment Pending Appeal." In this original proceeding, relator complains of the trial court's January 14, 2019 "Order on Motion for Enforcement of Child Support Order," which included a child support enforcement order and a contempt order.[1] Relator has also appealed that order. That appeal is pending in this Court in cause number 05-19-00197-CV. We conclude that these proceedings should be decided together. We further conclude that the petition filed in this original proceeding should be treated as a petition for writ

---

[1] In the January 14, 2019 judgment, the trial court found relator in arrears for court-ordered child support, ordered relator to pay a lump sum payment and then monthly payments until the arrearages are paid in full, found relator guilty of four counts of punitive contempt for failure to pay child support, assessed punishment of confinement for a period of 179 days for each act of contempt to be served consecutively, and assessed a fine of $500.00 for all violations. The court suspended the commitment and placed relator on community supervision for ten years. The court also found relator in coercive contempt and found that he is intentionally under-employed and has the ability to comply with the court's order by paying the child support arrearages.

1

of habeas corpus. *See In re M.J.*, 227 S.W.3d 786, 793 (Tex. App.—Dallas 2006, pet. denied) ("A contempt judgment that involves confinement must be challenged by habeas corpus."); *see also In re Clark*, No. 10-03-00037-CV, 2004 WL 1632768, at \*3 (Tex. App.—Waco July 21, 2004, orig. proceeding) (mem. op.) ("We hold that when . . . the contemnor's commitment has been suspended and the contemnor has been placed on community supervision, habeas is the appropriate remedy").

Accordingly, on the Court's own motion, we **ORDER** cause number 05-19-00794-CV **CONSOLIDATED** into cause number 05-19-00197-CV. We **DIRECT** the Clerk of this Court to remove all documents from cause number 05-19-00794-CV and refile them in cause number 05-19-00197-CV and to treat cause number 05-19-00794-CV as a closed case. We **ORDER** that all future pleadings be filed in and bear only cause number 05-19-00197-CV. All current deadlines in cause number 05-19-00197-CV remain in place, including the July 28, 2019 deadline for appellees to file their briefs.

We further **ORDER** that, upon submission, relator's petition for writ of mandamus be construed as a petition seeking habeas relief, and that the petition be resolved under the standards applicable to a petition for writ of habeas corpus.

We request that the real parties in interest file a response to relator's petition for writ of mandamus within the time for filing their appellees' briefs in cause number 05-19-00197-CV. The real parties in interest may include the response within their appellees' briefs or file the response as a separate brief in accordance with rule 52.4 of the rules of appellate procedure. TEX. R. APP. P. 52.4. We **ORDER** the real parties in interest to respond to relator's arguments concerning the contempt judgment under the standard of review applicable to a petition for writ of habeas corpus and to construe the petition as one seeking habeas relief.

We **GRANT** relator's "Emergency Motion to Stay Contempt Judgment Pending Appeal" and **STAY** the portions of the January 14, 2019 "Order on Motion for Enforcement of Child Support Order" that require relator to pay a $500 fine, pay $25 per month for community supervision, and report to a community supervisor. This stay shall remain in effect until further order of this Court.

We **DIRECT** the Clerk of this Court to send a copy of this order to all parties, the trial judge, and the Dallas District Court Clerk.

/s/ DAVID L. BRIDGES
   JUSTICE